## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA EDMONDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| HORSESHOE HAMMOND, LLC, | ) |
| d/b/a HORSESHOE CASINO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Lisa Edmondson, by and through her attorneys, THE LAW OFFICES OF McCREADY, GARCIA & LEET, P.C., and in her complaint against the Defendant, Horseshoe Hammond, LLC, d/b/a Horseshoe Casino, states as follows:

## PARTIES

1. Plaintiff Lisa Edmondson ("Plaintiff") is an Illinois resident residing in Oak Lawn, Illinois.

2. Defendant Horseshoe Hammond, LLC, d/b/a Horseshoe Casino is an Indiana corporation with its principal place of business in Hammond, Indiana.

## JURISIDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 as there is compete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Plaintiff resides in this district and brings her cause of action against Defendant in this district, therefore Plaintiff is subject to personal jurisdiction in this district and venue is proper under 28 U.S.C. section 1391.

5. Defendant does business in this district of which the cause of action herein rise.

Defendant therefore is subject to personal jurisdiction in this district and venue is proper under 28 U.S.C. section 1391.

## FACTS

6. On or about October 24, 2020, Plaintiff Lisa Edmondson ("Plaintiff") was an intended and permitted user of Defendant Horseshoe Casino located at 777 Casino Center Drive, Hammond, Indiana, on or about October 24, 2020.

7. On or about October 24, 2020, Defendant Horseshoe Hammond, LLC, d/b/a Horseshoe Casino ("Defendant") is a gambling establishment that possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain or control, both directly and indirectly, individually and through its agents, servants and employees, the premises located at or near 7050 S Cicero Ave, Hammond, Indiana.

8. At all times pertinent, Plaintiff was legally and lawfully using a gambling machine on Defendant's premises when a part of the machine came loose and struck Plaintiff

9. At all times pertinent, Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

10. At all times pertinent, it was the duty of the Defendant, individually and by and through its agents, servants and employees in its behalf to exercise reasonable care and caution in and about the ownership, operation, management, maintenance and control of the aforesaid premises including the gambling machines, so that the same would be in good, safe and proper condition for persons legally and lawfully on and upon said area to use and operate said machines, and so as not to cause harm and injury to such persons.

11. At all times pertinent, Defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said gambling machine to become and remain in a

dangerous condition for persons using said machine, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

12. Defendant, individually and by and through its agents, servants and employees in its behalf, was in violation of its duty and then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a. Failed to inspect the gambling machine to ensure its safe use;

b. Failed to maintain the gambling machine so that said machine could be safely used by patrons including Plaintiff;

c. Failed to properly secure the machine to ensure that parts or compartment covers were locked in place so as not to be a hazard for patrons including Plaintiff;

d. Failed to warn Plaintiff of any hazards associated with using the machine;

e. Failed to barricade the gambling machine until said machine was inspected for safe use by patrons including Plaintiff;

f. Was otherwise careless and/or negligent.

13. As a result of the negligence of Defendant, Plaintiff suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Lisa Edmondson, prays for damages in an amount greater than $75,000.00 based on the fact she has incurred in excess of $90,000 in medical bills and continues to experience effects from the accident, and as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

Lisa Edmondson

*Michael P. McCready*
Michael McCready, Esq.
*Counsel for Plaintiff*

McCready, Garcia & Leet, P.C.
111 West Washington Street, Suite 1760
Chicago, IL 60602
t: (773) 779-9885
f: (773) 373-2375
service@mccreadylaw.com